Dear Mr. Gautreaux:
In your letter dated January 11, 1983, you requested an opinion of this office relative to the eligibility of the Baton RougeMunicipal Airport Police officers for supplemental pay.
The pertinent portion of R.S. 33:2218.2 states, in Part C:
`For purposes of this Subpart a municipal police officer entitled to additional pay of state funds shall mean and refer to: (1) Any person employed on a full time basis by a municipality and all of whose compensation out of public funds is paid solely from municipal funds for full-time work as a duly commissioned law enforcement officer for the performance of primary duties which encompass the enforcement of state laws and municipal ordinances including actual enforcement of state and local traffic laws, the making of physical arrests, testifying in court, bearing arms and other like functions.[1]
In determining whether the airport police officers are within the coverage of this provision, the purpose of supplemental pay provisions should be considered. That purpose is stated in R.S. 33:2218.1, which states that the Legislature under its police power, in the hope of promoting public peace and safety by providing better enforcement of the law, and particularly the enforcement by municipal police officers, elects to supplement the pay of such officers. Except where this purpose would be clearly abased, the supplemental pay provisions should be broadly construed so as to favor an employee's inclusion within its coverage.
The municipal airport police officers perform law enforcement functions including presumably the power to make arrests, bear arms, etc., along with crime prevention, inspection and investigative responsibilities. As such, the characterization of these officers as law enforcement officers within the meaning of the statute is apparent.
The decisive issue, however, is whether the airport police officers, as law enforcement officers, are 'municipal' law enforcement officers. The determining factor is not whether such officers are under the direction of the Baton Rouge City Police Chief, but instead is whether the compensation for such officers is derived from public funds paid by the municipality. Were the Airport Authority a separate corporate body founded under the Airport Authorities Law, the conclusion that such officers were not paid by the municipality might be justified. However, in the case of Hair v. City of Baton Rouge, 297 So.2d 451 (Ct.App. 1st Cir. 1974), the court lent support to the conclusion that the Baton Rouge Airport Authority is not an `authority' under theAirport Authorities Act, but is instead, an arm of the municipality itself under the Uniform Airports Act. In other words, the officers are not employees of a political subdivision separate from the municipality, but are instead employed under the municipality's authority under R.S.2:131 and R.S. 2:138 to establish and police a city-ownedairport.
*2 Therefore, under the facts available to this office, theairport police officers appear to be 'municipal police officers' under the supplemental pay provisions. The resolution of the Baton Rouge City Council of May 12, 1982, recognizing these officers as municipalpolice officers supports this conclusion.
In conclusion, the Baton Rouge Metropolitan Airport Police Officers, as municipal police officers, are within the scope of R.S. 33:2218.2(C) and are eligible for supplemental pay under those provisions.
 Sincerely
 William J. Guste, Jr. Attorney General
 By: Kenneth C. Dejean Chief Counsel
 OPINION NO. 83-231 April 7, 1983.
 LAW OFFICERS .......... 60
 R.S. 40:2402
State Park Managers are not classified as "peace officers" as defined in La. R.S. 40:2402.
 Mr. Kirk Carney Assistant Secretary Dept. of Culture, Recreation Tourism Baton Rouge, Louisiana
RE: Opinion No. 82-1125